UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL N. BROWN (#128161)

VERSUS                                         CIVIL ACTION

CORNEL H. HUBERT, ET AL                        NUMBER 08-219-FJP-SCR


**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, August 1, 2008.

                                                 STEPHEN C. RIEDLINGER
                                                 UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL N. BROWN (#128161)

VERSUS                                                  CIVIL ACTION

CORNEL H. HUBERT, ET AL                          NUMBER 08-219-FJP-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the defendant's Motion to Dismiss. Record document number 19. The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Maj. Donald Johnson, Capt. Chandra Jackson, Lt. Freddy Curtis and Master Sgt. Eugene Furguson. Plaintiff alleged that he was sprayed with mace in retaliation for filing administrative grievances in violation of his constitutional rights.

Defendants[2] Warden Hubert, Lt. Curtis and Master Sgt. Furguson moved to dismiss the complaint for failure to state a claim upon which relief can be granted under to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides as follows:

---

[1] Record document number 22.

[2] Maj. Johnson and Capt. Jackson were not served with the summons and complaint until July 7, 2008. They are not parties to the motion to dismiss.

>   (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Under Rule 8(a)(2), Fed.R.Civ.P., a complaint must only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Erickson v. Pardus*, — U.S. —, —, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the ground upon which it rests." *Id*. (quoting *Bell Atl. Corp. v. Twombly*, — U.S. —, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007).[3]

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson*, 127 S.Ct. at

---

[3] *Twombly* held that in some cases a plaintiff must plead particular facts in his complaint.  127 S.Ct. at 1965.  In *Erickson*, decided two weeks after *Twombly*, the Supreme Court clarified *Twombly* by holding that a prisoner bringing a § 1983 claim against prison officials is not required to state specific facts in his complaint; *Erickson*, 127 S.Ct. at 2200, and *Twombly* itself, 127 S.Ct. at 1973 n.6., suggests that the holding in *Twombly* may be limited to cases likely to produce "sprawling, costly, and hugely time-consuming" litigation. This case involves a § 1983 claim with a narrow range of factual disputes, not a complex suit likely to produce sprawling discovery.  Accordingly, this case is governed by the Supreme Court's decision in *Erickson*.

2200; *see also Twombly*, 127 S.Ct. at 1965. "A document filed *pro se* is to be liberally construed ... and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 127 S.Ct. at 2200 (citations omitted).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965 (quotation marks, citations, and footnote omitted).

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the

plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995

(1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Plaintiff alleged that on August 23, 2007, he was transferred from extended lock down to another housing unit. Plaintiff alleged that he was placed in a cell with a mentally ill inmate who had smeared blood on his bedding and the floor of the cell. Plaintiff alleged that he called out to security officers to apprise them of the conditions in his cell. Plaintiff alleged that when Maj. Johnson arrived he handcuffed the plaintiff, removed him from the cell and transported him to a holding cell on Beaver 2. Plaintiff alleged that Capt. Jackson retrieved six cans of chemical agent and gave two cans each to Lt. Curtis and Maj. Johnson. Plaintiff alleged that Lt. Curtis heated a can of the chemical agent with a cigarette lighter, sprayed the chemical agent into his cell and then closed the holding cell door. Plaintiff alleged that

5

approximately 15 minutes later, Lt. Curtis returned, sprayed the plaintiff with a second can of chemical agent and once again closed the holding cell door.  Plaintiff alleged that approximately 10 minutes later, Capt. Jackson sprayed one can of chemical agent into his cell and then closed the cell door.  Plaintiff alleged that Capt. Jackson returned and sprayed another can of chemical agent.  Plaintiff alleged that Maj. Johnson arrived with two cans of chemical agent and told the plaintiff that this is how you are supposed to treat someone who "like to write."  Plaintiff alleged that 20 minutes later Sgt. Furguson opened the holding cell door.

In his objection to the defendants' motion to dismiss, the plaintiff argued that Sgt. Furguson was present when defendants Maj. Johnson, Capt. Jackson and Lt. Curtis sprayed him with the chemical agent but failed to take any action to prevent the excessive use of force.

Plaintiff's allegations against Lt. Curtis and Sgt. Furguson are sufficient to state a claim upon which relief can be granted.

Plaintiff failed to allege any facts against Warden Hubert which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed.  *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

Plaintiff's allegation that Warden Hubert is responsible for the actions of his subordinates is insufficient to state a claim under § 1983.  *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Plaintiff sought to invoke the supplemental jurisdiction of this court.  District courts may decline to exercise supplemental jurisdiction over a claim if the claim raises a novel or complex issue of State law; the claim substantially predominates over the claims over which the district court has original jurisdiction; if the district court has dismissed all claims over which it had original jurisdiction; or for other compelling reasons.  28 U.S.C. § 1367.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted in part dismissing the plaintiff's claims against Warden Cornel Hubert.  It is further recommended that the court decline to exercise supplemental jurisdiction over any state law claim against defendant Warden Hubert.  In all other respects, the defendants' motion to dismiss should be denied.

Baton Rouge, Louisiana, August 1, 2008.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE