UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL N. BROWN (#128161)

VERSUS                                            CIVIL ACTION

CORNEL H. HUBERT, ET AL                           NUMBER 08-219-FJP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, December 1, 2008.

                        STEPHEN C. RIEDLINGER
                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL N. BROWN (#128161)

VERSUS                                            CIVIL ACTION

CORNEL H. HUBERT, ET AL                           NUMBER 08-219-FJP-SCR


**MAGISTRATE JUDGE'S REPORT**

Before the court are the Motion for Summary Judgment filed by plaintiff Michael Brown and defendants Maj. Donald Johnson, Capt. Chandra Jackson, Lt. Freddy Curtis and MSgt. Eugene Ferguson. Record document numbers 29 and 30.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Cornel H. Hubert, Maj. Donald Johnson, Capt. Chandra Jackson, Lt. Freddy Curtis and MSgt. Eugene Ferguson. Plaintiff alleged that he was sprayed with mace on August 23, 2007 in retaliation for filing administrative grievances and in violation of his Eighth Amendment constitutional rights.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, copies of disciplinary reports, copies of HCC Cellblock Review Summary and copies of Administrative Remedy Procedure ("ARP") EHCC-2007-594 and EHCC-2007-936. Plaintiff did

not rely on his own, or any other, affidavit.

Defendants[1] moved for summary judgment relying on a statement of undisputed facts, the affidavits of Maj. Johnson, Capt. Jackson, Lt. Curtis, MSgt. Ferguson, Dr. Larry Caldwell and Cynthia Park, and the results of ARP LSP-2007-1320.

## Summary Judgment Standard

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56, Fed.R.Civ.P.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial.  Rule 56(e).

## Analysis

### A. Prescription

Defendants moved for summary judgment on the ground that the plaintiff's claims which were raised in ARP EHCC-2007-1320 are prescribed.

It is well settled that in § 1983 cases, federal courts look to the most consonant statute of limitations of the forum state. *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573 (1989); *Kitrell v. City of Rockwall*, 526 F.2d 715, 716 (5th Cir.), *cert. denied*, 426 U.S. 925, 96 S.Ct. 2636 (1976).  For § 1983 cases brought in

---

[1] Plaintiff's claims against Cornel Hubert were previously dismissed.  Record document number 26.

Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3492; *Elzy v. Roberson*, 868 F.2d 793 (5th Cir. 1989); *Washington v. Breaux*, 782 F.2d 553 (5th Cir. 1986); *Kissinger v. Foti*, 544 F.2d 1257, 1258 (5th Cir. 1977).

Plaintiff alleged that he was subjected to an excessive use of force and retaliation on August 23, 2007.  Plaintiff filed his § 1983 complaint on April 21, 2008.  Defendants argument that the plaintiff's claims are prescribed is without merit.

**B. Failure to Exhaust Administrative Remedies**

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies regarding his use of excessive physical force, failure to protect and retaliation claims.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d

3

798 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999). A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions. *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004). Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules. *Id.*, 126 S.Ct. at 2389-90. The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

The Prison Litigation Reform Act ("PLRA") does not specify who must be named in a prison grievance in order to properly exhaust the prison grievance system. *Jones v. Bock*, 549 U.S. 199, 217-218, 127 S.Ct. 910, 922-23 (2007). Instead, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* at 923.

The primary purpose of a grievance is to alert prison

4

officials to a problem, not to provide personal notice to a particular official that he may be sued. *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). A grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit. *Id*.

Although the defendants argued that the plaintiff failed to exhaust available administrative remedies regarding his claim that he was hit or struck by the defendants, a review of the complaint showed that the plaintiff made no such allegation.

Insofar as the defendants argued that the plaintiff failed to exhaust available administrative remedies regarding his retaliation and failure to protect claims[2], there is no summary judgment evidence to support this argument.

Although a copy of the plaintiff's administrative grievance was not filed as an exhibit in support of the defendants' motion for summary judgment, a copy was attached as an exhibit to the plaintiff's complaint.[3]

The allegations made in the administrative grievance were sufficiently specific to provide prison officials with a fair

---

[2] The court assumes that the failure to protect claim refers to the plaintiff's allegation that MSgt. Furguson stood by and did nothing while the other defendants sprayed him with an excessive amount of chemical irritant.

[3] Record document number 1.

5

opportunity to address the excessive force and retaliation claims that formed the basis of the plaintiff's § 1983 suit. Nothing more is required.

The summary judgment evidence showed that the plaintiff exhausted available administrative remedies regarding his excessive force and retaliation claims against the named defendants.

**C. Qualified Immunity**

Defendants argued that they are entitled to qualified immunity because their conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent

with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id.*, at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### 1. Excessive Force

Plaintiff alleged that on August 23, 2007, he was transferred to a cell occupied by a mentally ill inmate who had smeared blood on his bedding and the cell floor. Plaintiff alleged that he advised security officers about the conditions in his cell. Plaintiff alleged that when Maj. Johnson arrived he handcuffed the plaintiff, removed him from the cell and transported him to a holding cell on Beaver 2. Plaintiff alleged that Capt. Jackson retrieved six cans of chemical agent and gave two cans each to Lt.

7

Curtis and Maj. Johnson.  Plaintiff alleged that Lt. Curtis heated a can of the chemical agent with a cigarette lighter, sprayed the agent into the plaintiff's cell and then closed the holding cell door.  Plaintiff alleged that approximately 15 minutes later, Lt. Curtis returned, sprayed the plaintiff with a second can of chemical agent and closed the holding cell door.  Plaintiff alleged that 10 minutes later, Capt. Jackson sprayed one can of chemical agent into his cell and closed the holding cell door.  Plaintiff alleged that Capt. Jackson returned and sprayed another can of the chemical agent.  Plaintiff alleged that Maj. Johnson arrived with two cans of chemical agent and told the plaintiff that this is how you are supposed to treat someone who "like to write."  Plaintiff alleged that 20 minutes later MSgt. Ferguson opened the holding cell door and he was then escorted to the prison infirmary for treatment.

Defendants offered a different version of events.  Defendants argued that the plaintiff created a disturbance in the holding tank cell by yelling and kicking the cell bars and a minimum amount of chemical irritant was used to make the plaintiff comply with orders.[4]  Defendants' affidavits are ambiguous.  It is not clear who they contend sprayed the chemical irritant or whether they contend the plaintiff was sprayed with chemical irritant more than

---

[4] Defendants exhibits 1, 3 and 4, affidavits Maj. Johnson, Lt. Curtis and MSgt. Furguson.

8

once that day.[5]  Capt. Jackson admitted being present on the unit but denied spraying the plaintiff with a chemical irritant.[6]

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

Defendants argued that because there is no objective medical evidence to support a finding that the plaintiff sustained more than a de minimis injury as a result of the alleged use of force, they are entitled to summary judgment as a matter of law. Defendants relied on the affidavit of Dr. Caldwell, who stated that the plaintiff did not sustain a significant injury and required no treatment.

A review of the plaintiff's medical records showed that the plaintiff was examined by a nurse following the incident. Plaintiff had no skin abrasions and no drainage or redness to his

---

[5] *Id.*

[6] Defendants' exhibit 2, affidavit Capt. Jackson.

eyes was noted.[7]  On August 27, 2007, the plaintiff complained that his skin was peeling from the back of his neck.[8]  Plaintiff's skin was dry but there was no drainage or bleeding on his neck.[9]  On August 29, 2007, the plaintiff complained of dry skin.[10]  On September 4, 2007, the plaintiff complained that his face was burning but no swelling or rash was noted by medical personnel.[11]  On September 26, 2007, the plaintiff complained that his face was burning and peeling.[12]  No peeling, dryness or skin abrasions was noted.[13]  On October 8, 2007, the plaintiff complained that his face was burning but once again no irritation was noted by medical personnel.[14]

The summary judgment evidence supports a finding that the plaintiff sustained no injury and required no treatment as a result of being sprayed with a chemical irritant on August 23, 2007.

### 2. Retaliation

Plaintiff alleged that he was sprayed with a chemical irritant

---

[7] Defendants exhibit 6, affidavit Cynthia Park.

[8] Defendants exhibit 5, affidavit Dr. Larry Caldwell.

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

[13] *Id.*

[14] *Id.*

in retaliation for filing an administrative grievance against Capt. Jackson.

To state a valid claim for retaliation under § 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

Prison officials cannot act against a prisoner for availing himself of the courts and attempting to defend his constitutional rights. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir.), *cert. denied*, 516 U.S. 1084, 116 S.Ct. 800 (1996). In order to state a claim of retaliation an inmate must establish that but for the retaliatory motive the complained of incident would not have occurred. *Id*. The inmate must prove direct evidence of motivation or, he must allege a chronology of events from which retaliation may plausibly be inferred. *Id*. Mere conclusory allegations of retaliation will not withstand a summary judgment challenge. *Id*.

Plaintiff has not come forward with any direct evidence of retaliatory motivation. The allegation that Maj. Johnson stated the plaintiff was being gassed because he "like to write" is not supported by any affidavit or a declaration under oath.[15]

---

[15] It is obvious that the plaintiffs undisputed facts are disputed by the defendants, both in their own Statement of Undisputed Facts and in their affidavits.

The summary judgment evidence showed that the plaintiff filed ARP EHCC-2007-594 alleging that on May 7, 2007, Capt. Jackson cursed and threatened him.[16] On June 8, 2007, the plaintiff was issued two disciplinary reports by Capt. Jackson.[17] On appeal from the disciplinary report convictions the plaintiff argued that the disciplinary reports were issued by Capt. Jackson in retaliation for filing an ARP.[18] On July 9, 2007, the plaintiff filed ARP EHCC-2007-936 alleging that on July 2, 2007, Maj. Johnson threatened him. Approximately two months later the plaintiff was sprayed with the chemical irritant.

The sequence of events fails to allege a chronology of events from which retaliation may plausibly be inferred. First, there is no summary judgment evidence that any other defendant knew the plaintiff was issued disciplinary reports by Capt. Jackson in May and June or that the plaintiff filed administrative grievances complaining about the issuance of those reports. Second, there is no summary judgment evidence that Capt. Jackson was involved in the use of chemical irritant on August 23, 2007. There is simply no summary judgment evidence to tie together the events which allegedly occurred in May, June and July with the use of chemical irritant in late August. Plaintiff's allegation of retaliation is

---

[16] Record document number 29-3, pp. 7-10.

[17] *Id.* at 13-14.

[18] *Id.* at 11-12.

12

conclusory and is not supported by the summary judgment evidence.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, that the defendants' motion for summary judgment be granted, and this action be dismissed.

Baton Rouge, Louisiana, December 1, 2008.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE